UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCALA PHARMACEUTICAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> RNB HOLDINGS, LLC, <br><br> Defendant. | Case No.: 19cv1973-JM-MDD <br><br> **ORDER DISQUALIFYING PLAINTIFF'S COUNSEL MATTHEW RIFAT** <br><br> **[ECF NO. 15]** |

On December 5, 2019, the Court issued an Order to Show Cause requiring counsel for Plaintiff, Matthew Rifat, Esq., to notify the Clerk regarding certain felony charges pending against him in the California Superior Court in Riverside County and to demonstrate why he should be allowed to continue to represent Plaintiff in this case, as required by Civil Local Rule 83.5. (ECF No. 13). On December 6, 2019, Mr. Rifat notified the Clerk of the charges. (ECF No. 14). On December 11, 2019, Mr. Rifat moved the Court to allow him to continue to represent Plaintiff. For the reasons provided below, Mr. Rifat's motion is **DENIED.**

//

## DISCUSSION

Civil Local Rule 83.5(b) states, in part:

> 1. Any attorney charged with or convicted of a felony must report the charge or conviction within fourteen (14) days to the Clerk of Court.
>
> …
>
> 3. A non-court appointed attorney charged with a felony must show cause why he or she should not be removed from any pending civil or criminal case due to a conflict of interest. It will be the attorney's burden to demonstrate to each judge assigned a case on which the charged attorney wishes to appear that there is no conflict and the attorney can appropriately discharge his or her duties to the client.

In his Motion to remain as counsel for Plaintiff, Mr. Rifat asserts that his client is aware of the charges against him and wishes that he remain as counsel. (ECF No. 15-2, ¶¶ 15-17). Mr. Rifat states that the charges against him have no connection to his representation of Plaintiff. (*Id.*). Mr. Rifat is vigorously defending himself against these very serious charges and correctly points out that he is entitled to the presumption of innocence. (ECF No. 15-2, ¶ 13). Nonetheless, being subject to significant criminal charges must be stressful and distracting.

If that is all there was to this, the Court likely would accede to the wishes of Plaintiff and allow Mr. Rifat to continue as its attorney. But, there is more to the story.

Mr. Rifat acknowledges that he is a prospective witness in this case. (ECF Nos. 10 at 3; 15-2, ¶ 15). Although starting out as a contract dispute/collections case, Defendant's Amended Counterclaims allege misrepresentations by Plaintiff inducing Defendant to enter into the subject contract. Of concern here, Defendant specifically asserts that representations were made by Mr. Rifat, which representations are alleged to have been false.

(ECF No. 8, ¶¶ 22, 23).

California Rule of Professional Conduct 3.7(a) provides:

> A lawyer shall not act as an advocate in a trial in the which the lawyer is likely to be a witness unless:
> 1. the lawyer's testimony relates to an uncontested issue;
> 2. the lawyer's testimony relates to the nature and value of legal services rendered in the case; or,
> 3. the lawyer has obtained informed written consent from the client.

Although the rule allows continued representation where the client consents to the attorney's dual role, a trial court has discretion to disqualify counsel. *See U.S. Equal Employment Opportunity Commission v. Bay Club Fairbanks Ranch, LLC d/b/a Fairbanks Ranch Country Club, Inc.,* No. 18-cv-1853-W-BLM, 2019 WL 5788446, at *1 (S.D. Cal. Nov. 6, 2019).

Mr. Rifat has declared that his client, through its principals, wants him to remain as counsel, but does not state that he has obtained "informed written consent" from the client. Nonetheless, the Court is cognizant that in exercising its discretion under Rule 3.7(a), the court must "weigh the competing interests of the parties against potential adverse effects on the integrity of the proceeding before it and 'should resolve the close case in favor of the client's right to representation by an attorney of [its] choice….'" *Smith, Smith & Kring v. Superior Court,* 60 Cal. App. 4th, 573, 580 (1977) (quoting *Lyle v. Superior Court,* 122 Cal. App. 3d, 470, 482 (1981)).

This is not a close case. Mr. Rifat admits that he is a prospective witness and, based on the allegations of Defendant's counterclaims, his testimony will be contested. It is very early in the case; the Court vacated its Early Neutral Evaluation/Case Management Conference to consider the question of Mr. Rifat's continued representation of Plaintiff. The progress of the case would be impacted significantly should the Court allow Mr. Rifat to

continue as counsel at this time, only to have him forced to withdraw after litigation has fully commenced and strategic legal decisions have been made.

The Court of Appeals for the Ninth Circuit has stated that "[t]he policy rationale for prohibiting representation is to avoid placing the advocate in the 'unseemly and ineffective position' of arguing his own credibility…." *In re Johnston Hawks Ltd.,* 885 F. 2d 875, No. 88-1926, 1989 WL 107841, at *3 (9th Cir. Sept. 12, 1989) (citation omitted). It seems inevitable in this case that Mr. Rifat will end up in that "unseemly and ineffective position." Better for Plaintiff to obtain new counsel now rather than down the road where its options may be more circumscribed.

## CONCLUSION AND ORDER

Mr. Rifat's Motion to Continue as Counsel is **DENIED**. Mr. Rifat is **DISQUALIFIED** from continued representation of Plaintiff in this case other than to assist Plaintiff in obtaining new counsel. Plaintiff must obtain new counsel who must make an appearance within 30 days. Following the appearance of new counsel, the Court will reschedule the vacated hearing. If new counsel does not appear within 30 days, the Court will set the matter for a status hearing re: counsel. Mr. Rifat may appear at that hearing and provide any reasons for Plaintiff's inability to obtain new counsel at that time.

Dated: December 16, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge